IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOSEPH DONALD HEMKER                                PLAINTIFF

vs.                                                 CASE NO.: 3:17-CV-17-MPM-JMV

TRUE NORTH EARTHWORKS, LLC and
STEPHEN W. NELSON, Individually                    DEFENDANTS

## COMPLAINT

COMES NOW Plaintiff, Joseph Donald Hemker (hereinafter "Plaintiff"), by and through counsel of record, and files this Complaint against his former employers, Defendant, True North Earthworks, LLC (hereinafter "True North") and Stephen W. Nelson, Individually (hereinafter "Nelson") collectively referred to as "Defendants", for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF LAWSUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment

must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This is an action by the Plaintiff against his former employers for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff seeks unpaid overtime, liquidated damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid overtime back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, and because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within the District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

2

## PARTIES

8. Plaintiff, Joseph Donald Hemker, worked as a field clerk, project coordinator and safety director and performed related activities for Defendants.

9. Defendant, True North is a company that is located at 5575 Poplar Ave. in Memphis, TN 39119 that performs earthwork services in North Mississippi and West Tennessee.

10. Defendant, Stephen W. Nelson, is an officer of True North who conducts business in North Mississippi and West Tennessee. He is located at 5575 Poplar Ave. in Memphis, TN 39119.

11. Defendant Stephen W. Nelson: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.

12. As such, Defendant Stephen W. Nelson is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

13. At all material times hereto, Defendants were the employer of Plaintiff within the meaning of the FLSA.

## COVERAGE

14. At all material times hereto (2014 – 2017), Plaintiff was an "employee" within the meaning of the FLSA.

15. At all material times hereto (2014 – 2017), Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

16. At all material times hereto (2014 – 2017), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

17. At all material times hereto (2014 – 2017), Defendants were, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

18. At all material times hereto (2014 – 2017), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

19. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

20. At all material times hereto (2014 – 2017), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

21. At all material times hereto (2014 – 2017), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

22. At all material times hereto (2014 – 2017), the work performed by Plaintiff was directly essential to the business performed by Defendants.

23. At all material times hereto (2014 – 2017), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no

4

provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a workweek.

24. Defendants and their officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

25. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

26. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

27. Plaintiff was employed by Defendants and worked as a field clerk, project coordinator and safety director for Defendants from approximately July 2014 to September 2016. His regular rate of pay was $18.00.

28. Defendants operate a company that provides site work such as land clearing, site grading, erosion control and house pads to its customers.

29. Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

30. Defendants intentionally misclassified its employee as exempt, thereby avoiding any obligation to pay overtime at a rate of time and one half his regular rate of pay.

31. All of the tools used by the Plaintiff were provided by the Defendants.

32. Plaintiff routinely work(ed) well over forty (40) hours per week, as he typically worked sixty (60) hours.

33. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) in a workweek.

34. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation, or even apprise Plaintiff of his right to overtime pay, with respect to Plaintiff.

35. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

36. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek.

39. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

40. Specifically, Defendants misclassified Plaintiff as an exempt employee and paid him his regular hourly rate of pay for all hours worked in a work week.

41. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

42. Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

43. Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

44. Defendants determined Plaintiff's rate and method of payment.

45. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

46. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

47. As a result of each of the Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

48. Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which the Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

49. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants True North Earthworks, LLC and Stephen W. Nelson, Individually:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the

FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 24th day of January, 2017.

                          Respectfully Submitted,

                          JOSEPH DONALD HEMKER,
                          PLAINTIFF

                          */s/ Christopher W. Espy*
                          CHRISTOPHER W. ESPY, ESQ.

                          Christopher W. Espy, Esq.
                          (MSB#: 102424)
                          MORGAN & MORGAN, PLLC
                          4450 Old Canton Road, Suite 200
                          Jackson, Mississippi 39211
                          Phone: 601-718-2087
                          Fax:   601-718-2102
                          Email: cespy@forthepeople.com

                          ATTORNEY FOR PLAINTIFF